IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL K. LACOMBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-836-GBW |
| ) | |
| BRIAN EMIG, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Plaintiff Paul K. Lacombe, currently in custody at James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, filed a complaint *pro se* and moved for leave to proceed *in forma pauperis*. (D.I. 3, 1.) This Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 5.)

Accordingly, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, Defendant Brian Emig violated Plaintiff's Eighth and Fourteenth Amendment rights on dates unknown at JTVCC, causing Plaintiff emotional and psychological harm, for which Plaintiff now seeks $100,000 in money damages. (D.I. 3 at 2-3, 7.) The complaint includes no factual allegations and, instead, references attachments that, potentially, were not included with the complaint or otherwise docketed. (*See id.* at 4-6.) On the same date that Plaintiff filed the complaint, Plaintiff also filed a motion for preliminary injunction and/or equitable relief regarding Plaintiff's access to mental health treatment, which could be the attachment to which the complaint refers. (D.I. 4.) The motion includes no dates, makes no specific reference to Defendant's individual involvement, and merely states bald assertions and legal conclusions unsupported by specific factual allegations. (*See id.*)

Upon review, the Court finds that the complaint fails to state a claim on which relief may be granted, warranting dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Dismissal will be without prejudice, and Plaintiff will be granted an opportunity to amend his pleading, in accordance with this Order. Plaintiff's § 1983 claims fail outright because Plaintiff's pleading includes no specific supporting factual allegations. This Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Additionally, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). 42 U.S.C. § "1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted).

Plaintiff will be afforded leave to file an amended complaint to cure the deficiencies discussed above. An amended complaint must include a statement of facts, which sets out dates of occurrence, names the specific individuals who caused Plaintiff harm, and describes specifically how they caused Plaintiff harm. *See* FED. R. CIV. P. 8(a) ("A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief"). Filing an amended complaint that fails to state a claim may result in dismissal with prejudice.

Additionally, Plaintiff's motion for preliminary injunction and/or equitable relief will be denied without prejudice to renew at a later stage of this case, if appropriate. The Court typically only issues a preliminary injunction upon notice to

the adverse party. *See* FED. R. CIV. P. 65(b)(1)(A). While a temporary restraining order may be issued without written or oral notice to Defendants or their counsel, Plaintiff must first provide "specific facts in an affidavit or verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to [him] before [Defendants] can be heard in opposition" and Plaintiff must "certify in writing any efforts made to give notice and the reasons why it should not be required." *See* FED. R. CIV. P. 65(b)(1)(A)-(B). Among other things already discussed above, Plaintiff's motion does not provide certification of efforts undertook to inform Defendants of its filing or reasons why such should not be required. (*See* D.I. 4.)

Based on the foregoing, on this 24th day of July 2025, IT IS HEREBY ORDERED that:

1. The complaint (D.I. 3) is **DISMISSED** without prejudice, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. Plaintiff's motion for preliminary injunction and/or equitable relief (D.I. 4) is **DENIED** without prejudice to renew at a later stage of this case, if appropriate.

3. Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Order, **on or before August 25, 2025**.

_____
The Honorable Gregory B. Williams
United States District Judge